KC:JB
F.#2005R00513

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DWAYNE STONE, also known as
    "Divine,"
JAMES MCTIER, also known as
    "JD,"
JOSE NIEVES, also known as
    "Julio,"
JOSIAH MCTIER, also known as
    "Jo,"
GARETH VIALVE, also known as
    "Volvo,"
SHARIEF RUSSELL, also known as
    "Lucky," and
TRAVIS SCOTT, also known as
    "Dirty Travis,"

        Defendants.

- - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No._____
(T. 18, U.S.C.,
§§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii),
924(c)(1)(A)(iii),
1959(a)(1), 1959(a)(3),
1959(a)(5), 1962(c),
1962(d), 1963, 2 and 3551
et seq.)

THE GRAND JURY CHARGES:

### INTRODUCTION TO ALL COUNTS

    At all times relevant to this Indictment:

### The Enterprise

    1.   The defendants DWAYNE STONE, also known as

"Divine," JAMES MCTIER, also known as "JD," JOSE NIEVES, also

known as "Julio," JOSIAH MCTIER, also known as "Jo," GARETH

VIALVE, also known as "Volvo," SHARIEF RUSSELL, also known as

"Lucky," and TRAVIS SCOTT, also known as "Dirty Travis," together

with others, were members and associates of a criminal

organization known as the Folk Nation, Black Gangstas and Black
Gangsta Disciples, hereinafter referred to as the Folk Nation,
whose members and associates engaged in various forms of criminal
activity, including murder, attempted murder, murder conspiracy,
assault, reckless endangerment, robbery and narcotics
trafficking.

2.    The Folk Nation, including its leadership,
membership and associates, constituted an "enterprise" as defined
by Title 18, United States Code, Section 1961(4), that is, a
group of individuals associated in fact that engaged in, and the
activities of which affected, interstate and foreign commerce.
The Folk Nation constituted an ongoing organization whose members
functioned as a continuing unit for a common purpose of achieving
the objectives of the enterprise.

                    Goals and Purposes of the Enterprise

3.    The members and associates of the Folk Nation
sought, among other things, to:

a.    Preserve and protect the power, territory and
profits of the Folk Nation through the use of intimidation,
violence and threats of violence;

b.    Promote and enhance the criminal activities
of the Folk Nation and its members and associates; and

c.    Generate income for members and associates of the Folk Nation through robbery and the sale and distribution of narcotics.

### Means and Methods of the Enterprise

4.    The defendants carried out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.  The defendants and other members and associates of the Folk Nation participated in the conduct of the affairs of the enterprise by the following means and methods, among others:

a.    Committing, attempting to commit and threatening to commit acts of violence, including murder, attempted murder and assault to protect and expand the Folk Nation criminal operations;

b.    Using and threatening to use physical violence against various individuals, including members of rival criminal organizations; and

c.    Distributing retail quantities of narcotics, including cocaine base and marijuana, at locations in Brooklyn, New York.

### Role of the Defendants

5.    During the time period covered by this Indictment, defendants DWAYNE STONE, JAMES MCTIER and JOSE NIEVES were leaders of the enterprise.  At various times during the period covered by this Indictment, defendants JOSIAH MCTIER, GARETH

VIALVE, SHARIEF RUSSELL and TRAVIS SCOTT were members or associates of the enterprise.

## COUNT ONE
### (Racketeering)

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. In or about and between 1999 and 2003, both dates being approximate and inclusive, within the Eastern District of New York, the defendants DWAYNE STONE, also known as "Divine," JAMES MCTIER, also known as "JD," and JOSE NIEVES, also known as "Julio," together with others, being persons employed by and associated with the Folk Nation, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally conducted and participated, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of, among others, the racketeering acts set forth below:

## RACKETEERING ACT ONE
### (Murder of Caron Phifer)

8. On or about May 9, 2000, within the Eastern District of New York, the defendant JOSE NIEVES, together with others, with intent to cause the death of Caron Phifer, caused

his death, in violation of Sections 125.25(1) and 20.00 of the
New York Penal Law.

### RACKETEERING ACT TWO
(Conspiracy to Murder and Attempted Murder of ABG Gang Members)

9.     The defendant named below committed the following
acts, either of which alone constitutes the commission of
Racketeering Act Two:

     a.     Murder Conspiracy

10.     On or about June 24, 2000, within the Eastern
District of New York, the defendant JOSE NIEVES, together with
others, did knowingly and intentionally conspire to cause the
death of members and associates of a rival gang known as Anybody
Gets It, also known as ABG, in violation of Sections 105.15 and
125.25(1) of the New York Penal Law.

     b.     Attempted Murder

11.     On or about June 24, 2000, within the Eastern
District of New York, the defendant JOSE NIEVES, together with
others, did knowingly and intentionally attempt to cause the
death of members and associates of a rival gang known as Anybody
Gets It, also known as ABG, in violation of Sections 125.25(1),
110.00 and 20.00 of the New York Penal Law.

6

## RACKETEERING ACT THREE
(Attempted Murder of John Doe #1)

12. On or about August 4, 2000, within the Eastern District of New York, the defendant JAMES MCTIER did knowingly and intentionally attempt to cause the death of John Doe #1, an individual whose identity is known to the Grand Jury, in violation of Sections 125.25(1) and 110.00 of the New York Penal Law.

## RACKETEERING ACT FOUR
(Attempted Murder)

13. On or about September 4, 2000, within the Eastern District of New York, the defendants JAMES MCTIER and JOSE NIEVES, together with others, did knowingly and intentionally attempt to cause the death of individuals from Tapscott Street in Brooklyn, New York, in violation of Sections 125.25(1), 110.00 and 20.00 of the New York Penal Law.

## RACKETEERING ACT FIVE
(Murder of Ricky Tubens)

14. On or about September 22, 2000, within the Eastern District of New York, the defendant JAMES MCTIER, with intent to cause the death of Ricky Tubens, caused his death, in violation of Section 125.25(1) of the New York Penal Law.

## RACKETEERING ACT SIX
(Conspiracy to Murder and Murder of Jamel Washington)

15. The defendant named below committed the following acts, either of which alone constitutes the commission of Racketeering Act Six:

a.  Murder Conspiracy

16. On or about October 6, 2000, within the Eastern District of New York, the defendant DWAYNE STONE, together with others, did knowingly and intentionally conspire to cause the death of Jamel Washington, in violation of Sections 105.15 and 125.25(1) of the New York Penal Law.

b.  Murder

17. On or about October 6, 2000, within the Eastern District of New York, the defendant DWAYNE STONE, with intent to cause the death of Jamel Washington, caused his death, in violation of Section 125.25(1) of the New York Penal Law.

## RACKETEERING ACT SEVEN
(Murder of Shamel Ayatolla)

18. On or about September 3, 2001, within the Eastern District of New York, the defendant JAMES MCTIER, with intent to cause the death of Shamel Ayatolla, caused his death, in violation of Section 125.25(1) of the New York Penal Law.

RACKETEERING ACT EIGHT
(Conspiracy to Murder and Attempted Murder/
Murder of Tabetha Buckman)

19.   The defendants named below committed the following
acts, any one of which alone constitutes the commission of
Racketeering Act Eight:

a.   Murder Conspiracy

20.   On or about October 14, 2001, within the Eastern
District of New York, the defendants DWAYNE STONE and JAMES
MCTIER, together with others, did knowingly and intentionally
conspire to cause the death of members and associates of a rival
gang known as Anybody Gets It, also known as ABG, in violation of
Sections 105.15 and 125.25(1) of the New York Penal Law.

b.   Attempted Murder

21.   On or about October 14, 2001, within the Eastern
District of New York, the defendants DWAYNE STONE and JAMES
MCTIER, together with others, did knowingly and intentionally
attempt to cause the death of members and associates of a rival
gang known as Anybody Gets It, also known as ABG, in violation of
Sections 125.25(1), 110.00 and 20.00 of the New York Penal Law.

c.   Murder

22.   On or about October 14, 2001, within the Eastern
District of New York, the defendants DWAYNE STONE and JAMES
MCTIER, together with others, with intent to cause the death of
members and associates of a rival gang known as Anybody Gets It,

also known as ABG, caused the death of Tabetha Buckman, in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Racketeering Conspiracy)

23. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

24. In or about and between 1999 and 2003, both dates being approximate and inclusive, within the Eastern District of New York, the defendants DWAYNE STONE, also known as "Divine," JAMES MCTIER, also known as "JD," and JOSE NIEVES, also known as "Julio," together with others, being persons employed by and associated with the Folk Nation, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Folk Nation through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

25. The pattern of racketeering activity through which the defendants DWAYNE STONE, JAMES MCTIER and JOSE NIEVES agreed to conduct the affairs of the enterprise consisted of, among other acts, the racketeering acts set forth in paragraphs eight through twenty-two above, as Racketeering Acts One through Eight of this Indictment, which are realleged and incorporated as if fully set forth in this paragraph.

26. It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT THREE
(Murder in Aid of Racketeering)

27. At all times relevant to this Indictment, the enterprise, as more fully described in paragraphs one through five, which are realleged and incorporated as if fully set forth in this paragraph, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.

28. At all times relevant to this Indictment, the enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code,

Sections 1959(b)(1) and 1961(1), namely, acts involving murder in violation of the laws of the State of New York, and narcotics distribution in violation of Title 21, United States Code, Section 841.

29.   On or about May 9, 2000, within the Eastern District of New York, the defendant JOSE NIEVES, also known as "Julio," together with others, for the purpose of maintaining and increasing his position in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Caron Phifer, in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT FOUR
(Use of Firearm)

30.   On or about May 9, 2000, within the Eastern District of New York, the defendant JOSE NIEVES, also known as "Julio," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit, the crime charged in Count Three, and did

knowingly and intentionally possess a firearm in furtherance of such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT FIVE
(Conspiracy to Murder in Aid of Racketeering)

31.   The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

32.   On or about June 24, 2000, within the Eastern District of New York, the defendant JOSE NIEVES, also known as "Julio," together with others, for the purpose of maintaining and increasing his position in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder members and associates of a rival gang known as Anybody Gets It, also known as ABG, in violation of Sections 105.15 and 125.25(1) of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT SIX
(Attempted Murder in Aid of Racketeering)

33.   The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

34. On or about June 24, 2000, within the Eastern District of New York, the defendant JOSE NIEVES, also known as "Julio," together with others, for the purpose of maintaining and increasing his position in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder members and associates of a rival gang known as Anybody Gets It, also known as ABG, in violation of Sections 125.25(1), 110.00 and 20.00 of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

### COUNT SEVEN
### (Use of Firearm)

35. On or about June 24, 2000, within the Eastern District of New York, the defendant JOSE NIEVES, also known as "Julio," together with others, did knowingly and intentionally use and carry a firearm during and in relation to crimes of violence, to wit, the crimes charged in Counts Five and Six, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT EIGHT
(Attempted Murder in Aid of Racketeering)

36. The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

37. On or about August 4, 2000, within the Eastern District of New York, the defendant JAMES MCTIER, also known as "JD," for the purpose of maintaining and increasing his position in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #1, in violation of Sections 125.25(1) and 110.00 of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT NINE
(Use of Firearm)

38. On or about August 4, 2000, within the Eastern District of New York, the defendant JAMES MCTIER, also known as "JD," did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit, the crime charged in Count Eight, and did knowingly and intentionally possess a firearm in furtherance of such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii) and 3551 et seq.)

#### COUNT TEN
(Attempted Murder in Aid of Racketeering)

39.   The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

40.   On or about September 4, 2000, within the Eastern District of New York, the defendants JAMES MCTIER, also known as "JD," JOSE NIEVES, also known as "Julio," and JOSIAH MCTIER, also known as "Jo," together with others, for the purpose of maintaining and increasing their positions in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder one or more other persons, to wit, individuals from Tapscott Street in Brooklyn, New York, in violation of Sections 125.25(1), 110.00 and 20.00 of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

#### COUNT ELEVEN
(Use of Firearm)

41.   On or about September 4, 2000, within the Eastern District of New York, the defendants JAMES MCTIER, also known as "JD," JOSE NIEVES, also known as "Julio," and JOSIAH MCTIER, also known as "Jo," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit, the crime charged in Count Ten, and

did knowingly and intentionally possess a firearm in furtherance of such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWELVE
(Assault in Aid of Racketeering)

42.    The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

43.    On or about September 22, 2000, within the Eastern District of New York, the defendants DWAYNE STONE, also known as "Divine," and JAMES MCTIER, also known as "JD," together with others, for the purpose of maintaining and increasing their positions in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally assault with a dangerous weapon individuals in the vicinity of East 98th Street and Glenwood Road in Brooklyn, New York, in violation of Sections 120.00 and 20.00 of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Murder in Aid of Racketeering)

44.   The allegations contained in paragraphs twenty-
seven and twenty-eight are realleged and incorporated as if fully
set forth in this paragraph.

45.   On or about September 22, 2000, within the Eastern
District of New York, the defendant JAMES MCTIER, also known as
"JD," for the purpose of maintaining and increasing his position
in the Folk Nation, an enterprise engaged in racketeering
activity, did knowingly and intentionally murder Ricky Tubens, in
violation of Section 125.25(1) of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(1) and
3551 et seq.)

## COUNT FOURTEEN
(Conspiracy to Murder in Aid of Racketeering)

46.   The allegations contained in paragraphs twenty-
seven and twenty-eight are realleged and incorporated as if fully
set forth in this paragraph.

47.   On or about October 6, 2000, within the Eastern
District of New York, the defendant DWAYNE STONE, also known as
"Divine," together with others, for the purpose of maintaining
and increasing his position in the Folk Nation, an enterprise
engaged in racketeering activity, did knowingly and intentionally

conspire to murder Jamel Washington, in violation of Sections 105.15 and 125.25(1) of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT FIFTEEN
(Murder in Aid of Racketeering)

48.    The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

49.    On or about October 6, 2000, within the Eastern District of New York, the defendant DWAYNE STONE, also known as "Divine," together with others, for the purpose of maintaining and increasing his position in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jamel Washington, in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(1) and 3551 et seq.)

### COUNT SIXTEEN
(Use of Firearm)

50.    On or about October 6, 2000, within the Eastern District of New York, the defendant DWAYNE STONE, also known as "Divine," did knowingly and intentionally use and carry a firearm during and in relation to crimes of violence, to wit, the crimes charged in Counts Fourteen and Fifteen, and did knowingly and

intentionally possess a firearm in furtherance of such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii) and 3551 et seq.)

## COUNT SEVENTEEN
(Attempted Murder in Aid of Racketeering)

51.   The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

52.   On or about May 15, 2001, within the Eastern District of New York, the defendant TRAVIS SCOTT, also known as "Dirty Travis," together with others, for the purpose of maintaining and increasing his position in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder one or more other persons, to wit, individuals in the vicinity of Bristol Street in Brooklyn, New York, in violation of Sections 125.25(1), 110.00 and 20.00 of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT EIGHTEEN
(Use of Firearm)

53.   On or about May 15, 2001, the defendant TRAVIS SCOTT, also known as "Dirty Travis," did knowingly and

intentionally use and carry a firearm during and in relation to a crime of violence, to wit, the crime charged in Count Seventeen, and did knowingly and intentionally possess a firearm in furtherance of such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii) and 3551 et seq.)

## COUNT NINETEEN
(Murder in Aid of Racketeering)

54. The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

55. On or about September 3, 2001, within the Eastern District of New York, the defendant JAMES MCTIER, also known as "JD," for the purpose of maintaining and increasing his position in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Shamel Ayatollah, in violation of Section 125.25(1) of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(1) and 3551 et seq.)

## COUNT TWENTY
(Use of Firearm)

56. On or about September 3, 2001, within the Eastern District of New York, the defendant JAMES MCTIER, also known as

"JD," did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit, the crime charged in Count Nineteen, and did knowingly and intentionally possess a firearm in furtherance of such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii) and 3551 et seq.)

### COUNT TWENTY-ONE
(Conspiracy to Murder in Aid of Racketeering)

57. The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

58. On or about October 14, 2001, within the Eastern District of New York, the defendants DWAYNE STONE, also known as "Divine," JAMES MCTIER, also known as "JD," and GARETH VIALVE, also known as "Volvo," together with others, for the purpose of maintaining and increasing their positions in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder members and associates of a rival gang known as Anybody Gets It, also known as ABG, in violation of Sections 105.15 and 125.25(1) of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TWENTY-TWO
(Attempted Murder in Aid of Racketeering)

59.   The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

60.   On or about October 14, 2001, within the Eastern District of New York, the defendants DWAYNE STONE, also known as "Divine," JAMES MCTIER, also known as "JD," and GARETH VIALVE, also known as "Volvo," together with others, for the purpose of maintaining and increasing their positions in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder members and associates of a rival gang known as Anybody Gets It, also known as ABG, in violation of Sections 125.25(1), 110.00 and 20.00 of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT TWENTY-THREE
(Murder in Aid of Racketeering)

61.   The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

62.   On or about October 14, 2001, within the Eastern District of New York, the defendants DWAYNE STONE, also known as "Divine," JAMES MCTIER, also known as "JD," and GARETH VIALVE, also known as "Volvo," together with others, for the purpose of

maintaining and increasing their positions in the Folk Nation, an enterprise engaged in racketeering activity, with intent to murder members and associates of a rival gang known as Anybody Gets It, also known as ABG, murdered Tabetha Buckman, in violation of Sections 125.25(1) and 20.00 of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT TWENTY-FOUR
(Use of Firearm)

63.   On or about October 14, 2001, within the Eastern District of New York, the defendants DWAYNE STONE, also known as "Divine," JAMES MCTIER, also known as "JD," and GARETH VIALVE, also known as "Volvo," together with others, did knowingly and intentionally use and carry a firearm during and in relation to crimes of violence, to wit, the crimes charged in Count Twenty-One, Twenty-Two and Twenty-Three, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWENTY-FIVE
(Attempted Murder in Aid of Racketeering)

64.   The allegations contained in paragraphs twenty-seven and twenty-eight are realleged and incorporated as if fully set forth in this paragraph.

65.   On or about December 31, 2002, within the Eastern District of New York, the defendant SHARIEF RUSSELL, also known as "Lucky," for the purpose of maintaining and increasing his position in the Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder one or more persons, to wit, officers of the New York City Police Department, in violation of Sections 125.25(1) and 110.00 of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TWENTY-SIX
(Use of Firearm)

66.   On or about December 31, 2002, within the Eastern District of New York, the defendant SHARIEF RUSSELL, also known as "Lucky," did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit, the crime charged in Count Twenty-Five, and did knowingly and

intentionally possess a firearm in furtherance of such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii) and 3551 et seq.)

A TRUE BILL,

FOREPERSON

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

## INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1.  Title of Case:  UNITED STATES v. DWAYNE STONE, et al.

2.  Related Magistrate Docket Number(s)  _____

    None ( X )

3.  Arrest Date:  _____

4.  Nature of offense(s):  XX    Felony
                                 Misdemeanor

5.  Related Cases - Title and Docket No(s).  (Pursuant to Rule 50.3 of the
    Local E.D.N.Y. Division of Business Rules):
          04 CR 824 (RJD)

6.  Projected Length of Trial:    Less than 6 weeks    (X)
                                  More than 6 weeks    ( )

7.  County in which crime was allegedly committed:    KINGS
    (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Has this indictment/information been ordered sealed?    (X) Yes  () No

9.  Have arrest warrants been ordered?    (X) Yes  () No

                                    ROSLYNN R. MAUSKOPF
                                    UNITED STATES ATTORNEY

                            By:     _____
                                    JOHN BURETTA
                                    Assistant U.S. Attorney
                                    (718) 254-6314

Rev. 3/22/01

# United States District Court

For The

Eastern District of New York

## United States of America

Us.

DWAYNE STONE

JAMES MCTIER

JOSE NIEVES

JOSiah MCTiER.

GABETH VIALVIE

SHARIEF RussELL

TRAVIS SCOTT

No._____ CR.

I, the undersigned foreman of the Grand Jury of this court, at the   /  /
Term begun and held at Brooklyn, New York on the _____ Day of _____ 2005
AD ____ in pursuance of Rule 6 (c) of the Federal Rules of Criminal
Procedures, and herein file with the Clerk of the Court a record of the
number of grand jurors concurring in the finding of the indictment in the
above case. this record shall not to be made public except on order of the
court, to wit:

_____18_____ Grand Jurors Concurring

_____
                    Foreman signature