UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

     -against-

DWAYNE STONE, et al.,

                Defendants.
----------------------------------------------x

MEMORANDUM AND ORDER

05 CR 401(S-1) (ILG)

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED. N.Y:
★ JUL 2 5 2007 ★
P.M. _____
TIME A.M. _____

GLASSER, United States District Judge:

      The government has moved this Court for an Order directing that the jury in this case be selected anonymously and partially sequestered, that is, to direct that: (1) the jurors ultimately selected eat lunch together; (2) they be accompanied to and from the courthouse by United States Marshals to avoid their interaction in the courthouse with members of the public. For the reasons stated in its Memorandum of Law in support of its motion and in the affirmation of FBI Special Agent Jed Salter attached to that Memorandum, the government avers that the preponderance of evidence required by 18 U.S.C. § 3432 for the Order requested has been established. An abbreviated summary of the facts stated in the referenced Memorandum and Affirmation follows:

      The defendants are members of a violent gang known as the Folk Nation, active in cities and prisons across the country. "Folk" is an acronym for "Forever Over Latin Kings." The defendants here operated out of the Riverdale Towers and Marcus Garvey Village housing projects in the Brownsville section of Brooklyn. The crimes for which they have been indicted include racketeering, racketeering conspiracy, murder, attempted murder, murder conspiracy, assault and related firearms charges. Those alleged to have been murdered or shot at or stabbed were members of rival gangs in that

area known to law enforcement as the Bloods gang; the "Anybody Gets It" or ABG Gang; a gang of Guyanese crack cocaine and marijuana dealers known as the "Dreads" and innocent bystanders who were unfortunately and tragically present in the vicinity of random shootings. Also allegedly targets of shootings were members of the New York City Police Department.

In his affirmation, Agent Salter relates that during his investigation into the affairs of these defendants and the gang to which they belong, he learned the defendant Russell was arrested for attempting to bribe a corrections officer at Riker's Island to avoid testifying against him for possessing a weapon inside the prison; that the defendant James McTier attempted to spark a gang motivated riot at the Metropolitan Correction Center where he was detained pending trial; that immediately following a status conference, several defendants discussed a plan to assault Deputy United States Marshals when brought to court for the next status conference; that it was understood among the gang members that any person cooperating with the police, or who would testify against a gang member should be shot; that an attempt was made by a member of defendant Stone's family to convince a member of a victim's family not to cooperate with the continuing federal investigation.

This Court has had occasion in the past to discuss the factors to be considered in deciding similar motions and in the process reviewed the relevant authorities in which those factors were extensively addressed. See, e.g., United States v. Gotti, 777 F. Supp. 224 (E.D.N.Y. 1991); United States v. Fortunato, 2002 WL 31946813 (E.D.N.Y. 2002); United States v. Gambino, 819 F. Supp. 536 (E.D.N.Y. 1993); United States v. Bellomo, 263 F. Supp.2d 557 (E.D.N.Y. 2003). To discuss those factors and review the relevant

authorities yet again would be an affectation of research. I will rely instead on the oft-repeated phrase when reference is made to a prior writing the Court has authored – "familiarity with which is assumed." I will, however, evidence my awareness as I write of the constitutional right of the defendants to a fair trial and to an impartial jury and with a deep and genuine respect for those rights have, as conscientiously as I am able, struck a balance between the government's interest in the integrity of the judicial process and the importance of safeguarding the defendants' interest in the presumption of innocence and found the balance to weigh heavily in favor of the integrity of the judicial process which, in the final analysis is in the interests of both the government and the defendants. All the rest is commentary. The government's motion, which has been unopposed, is, therefore, granted.

The parties are hereby directed to prepare a questionnaire for the Court's consideration at a status conference already scheduled for September 10, 2007 at 10 a.m. In that regard, I would urge the parties to read United States v. Serafini, 57 F. Supp.2d 108, 112 (M.D. Pa. 1999), to which I made reference and quoted in United States v. Bellomo, *supra*, at p. 560. At that status conference, other considerations relative to a partially sequestered jury will be discussed and decided.

SO ORDERED.

Dated: Brooklyn, New York
July 24, 2007

s/ ILG
I. Leo Glasser

3