UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

                                          MEMORANDUM AND ORDER
-against-                                    05 CR 401 (ILG)

DWAYNE STONE,
JAMES McTIER and
SHARIEF RUSSELL,

                Defendant.
------------------------------------------------x
GLASSER, United States District Judge:

        The government has moved this Court for an Order that would preclude the scope of the defendants' cross-examination of Sgt. James McGarry of the New York Police Department ("NYPD"), who, it is anticipated, the government will call as a witness. Sought to be precluded from his cross-examination are:

        (1)    A pending investigation by the Civilian Complaint Review Board (CCRB) of a complaint alleging that he abused his position by an unauthorized search of a vehicle; failed to provide his name and shield number to the driver; was rude to the driver and used profanity; and

        (2)    A 1998 altercation in which, while off duty, he punched another. A misdemeanor charge of assault in the third degree was subsequently dismissed.

        In its Memorandum in support of the motion, the government states that it was advised by a CCRB investigator that the charges were unsubstantiated and he intends recommending that they be dismissed. (Gov. Mem. at 4.)

## **Discussion**

Rule 608(b) provides in relevant part that:

> Specific instances of the conduct of a witness, for the purpose of attacking . . . the witness' character for truthfulness . . . may, . . . in the discretion of the court, <u>if probative of truthfulness or untruthfulness</u>, be inquired on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

Neither the substance of the CCRB complaint nor the allegation of assault are probative of truthfulness or untruthfulness and require that the motion be granted. The proper application of Rule 608(b) was succinctly stated in 3 Mueller & Kirkpatrick § 6:33(3rd Ed.) at 214 as follows: "If all that can be said about behavior is that it might be called improper, immoral, or unlawful . . . asking about it cannot be justified under Fed. R. Ev. 608. The cases seem entirely right to condemn questioning on . . . violence against others." <u>See</u> <u>also</u> <u>United States v. Hayes</u>, 553 F.2d 824, 827 (2d Cir. 1977).

The grant of the government's motion would also be required under Fed. R. Ev. 609. Sgt. McGarry was not <u>convicted</u> of a felony or a crime. 609(a)(1), (2).

The motion is granted.

Dated:     Brooklyn, New York
           December 14, 2007

                                              S/
                                    I. Leo Glasser