UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------x
UNITED STATES OF AMERICA,

    -against-                                                   MEMORANDUM AND ORDER
                                                                                    05-CR-401
Dwayne STONE, et al.,

                    Defendants.
----------------------------------------------x
GLASSER, United States Senior District Judge:

      Trial in this criminal action, in which the three remaining defendants are charged with a number of serious crimes including racketeering and racketeering conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1962(c) & (d), is currently underway before this Court. Several of the racketeering acts that the defendants are alleged to have committed and conspired to commit— specifically, racketeering acts 7(a), 8(a), 10(a), and 12, which are alleged in Count One and incorporated by reference in Count Two of the Sixth Superseding Indictment— involve conspiracy to commit murder in violation of state law,[1] specifically New York Penal Law §§ 125.25(1)[2] and 105.15.[3] At the end of the trial day on Thursday, January 24, 2008, the Court held a conference with the parties, outside the presence of

---

      [1] RICO defines "racketeering acts" to include, <u>inter alia</u>, "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A).

      [2] N.Y. Penal L. § 125.25 states that a person is guilty of second-degree murder when, "[w]ith intent to cause the death of another person, he causes the death of such person or of a third person," subject to certain affirmative defenses.

      [3] N.Y. Penal L. § 105.15 states that "[a] person is guilty of conspiracy in the second degree when, with intent that conduct constituting a class A felony be performed, he agrees with one or more persons to engage in or cause the performance of such conduct."

1

the jury, to discuss the Court's instructions to the jury regarding the law governing this case. At that conference, the Court, acting sua sponte, raised the question whether it should instruct the jury that in order to find the defendants guilty of the above-cited racketeering acts, it must find that some overt act was taken in furtherance of the alleged conspiracy, as is required by New York Penal Law § 105.20 ("Section 105.20") for a conspiracy conviction under N.Y. Penal L. § 105.15.[4] The government encouraged the Court to do so, taking the position that, while it is not required to plead the commission of any overt acts in furtherance of a state-law conspiracy in the indictment in this case, it is nevertheless required to prove the substantive elements of the underlying state crime in order to establish the commission of the associated racketeering act. On Friday, January 25, the government submitted a letter to the Court in which it reiterated that position and cited Second Circuit authority in support of the proposition that a district court generally should instruct the jury as to the substantive elements of a state-law offense identified as a racketeering act in a RICO indictment, even though it is not always required to do so, in the sense that the failure to give such an instruction would constitute reversible error. The government stated that position yet again during a hearing on the jury charge pursuant to Federal Rule of Criminal Procedure 30 which took place on the morning of Monday, January 28.

Having reviewed the authority cited by the government as well as conducted its own additional research, the Court concludes that it need not, and will not, instruct the jurors that they must find an overt act to have been committed in furtherance of each of

---

[4] N.Y. Penal L. § 105.20 states that "[a] person shall not be convicted of conspiracy unless an overt act is alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy."

2

the alleged state-law conspiracies in order to find that the government has established the racketeering act associated with that conspiracy. While it is true that Second Circuit authority encourages the district court to instruct the jury as to the substantive elements of any state-law crimes alleged as predicate racketeering acts in a RICO prosecution, the Court's independent examination of New York law has revealed that the overt act requirement imposed by Section 105.20 is merely an evidentiary rule applicable to conspiracy prosecutions in New York state courts, but not a substantive element of the crime of conspiracy under state law. Because Second Circuit authority makes clear that RICO does not incorporate procedural or evidentiary provisions of state law, the overt act requirement imposed by Section 105.20 does not apply to allegations of state-law conspiracy offered as racketeering acts in a federal RICO prosecution.

**I.     Second Circuit Authority Encourages Instructing the Jury as to the Substantive Elements of State Crimes Proffered as Racketeering Acts, but not Evidentiary or Procedural Provisions**

   **a.     Controlling Authority Encourages Instructing Juries in RICO Cases as to the Substantive Elements of State Offenses Offered as Racketeering Acts**

The Second Circuit has repeatedly stated in <u>dicta</u> that, although a district court is not required to instruct the jury as to the substantive elements of any violations of state criminal law that are offered as racketeering acts in a RICO indictment, it is generally a better practice to do so, particularly where the failure to instruct the jury as to the specific elements of the state offense may cause prejudice to the defendant by permitting the jury to find the alleged racketeering act to have been committed on the basis of facts that would not constitute a criminal offense under the relevant state law. Although technically controlling Second Circuit authority holds that the district court need only

3

provide a generic definition of the underlying state crime, see United States v. Bagaric, 706 F.2d 42, 62-63 (2d Cir. 1983), abrogated in part by National Org. for Women, Inc. v. Scheidler, 510 U.S. 249 (1994), (holding that the jury need not be instructed as to the elements of the state law underlying the alleged racketeering act because "[r]eferences [in RICO] to state law serve a definitional purpose, to identify generally the kind of activity made illegal by the federal statute," so that "[a]ccurate generic definitions of the crimes charged were sufficient" to adequately advise the jury of the law); United States v. Orena, 32 F.3d 704,714 (2d Cir. 1994) (quoting Bagaric), subsequent panels of the court have narrowed the holding of Bagaric and have made clear that in at least some cases, a district court's failure to advise the jury as to the elements of the state offense may be grounds for reversal, and that district courts are encouraged to do so in all cases.

The Second Circuit substantially limited, but did not overrule, Bagaric in United States v. Carrillo, 229 F.3d 177 (2d Cir. 2000). In Carrillo, the appellant sought a reversal of his RICO conviction on the ground that the district court failed to advise the jury that in order to find that the appellant had participated in a conspiracy to commit murder in violation of New York law, it must find that an overt act had been committed in furtherance of the conspiracy. The government argued on the basis of Bagaric and United States v. Diaz, 176 F.3d 52 (2d Cir. 1999) (holding that "the government is not required to prove an 'overt act' under Connecticut law because the reference to violating state law in the [Violent Crimes in Aid of Racketeering ('VICAR')] count is only meant to indicate unlawful conduct that constitutes a predicate offense for a VICAR charge under § 1959(a)(6)."), that the appeal should be denied because the district court was not required to instruct the jury as to the elements of the substantive offense, nor was the

4

government required to prove the occurrence of an overt act. The Carrillo court acknowledged that Bagaric supported the government's position, but expressed its "doubts [] whether Bagaric's principle can be applied as a practical matter in all circumstances." 229 F.3d at 183. Though lacking the authority to overrule Bagaric, the Carrillo court cast Bagaric's status into considerable doubt, reasoning as follows:

> If the conduct proved at trial did not satisfy the elements of the offense as defined by state law, a jury could not find that the defendant had committed the state law offense charged as a predicate act of racketeering. Likewise, even assuming evidence from which a jury could find a violation of state law, if the defendant's acts as found by the jury did not include all the essential elements of the state law offense, by definition, no state offense would have been found. It is difficult to see (notwithstanding the statements in Diaz) how the defendant could be properly convicted if the conduct found by the jury did not include all the elements of the state offense since RICO requires that the defendant have committed predicate acts "chargeable under state law."

Id. at 183-84 (emphasis in original, footnote omitted). Carrillo concluded that "[t]he Bagaric holding therefore extended only to the principle that where the jury has found that all elements of an offense have been proved, a conviction cannot later be overturned on the formalistic grounds that the jury charge had omitted to state all elements." Id. at 183 n. 1. The court acknowledged that Diaz went further than Bagaric, apparently suggesting that the government need not prove every element of the underlying state offense in order to establish the commission of a racketeering act based on violation of state law under RICO, but observed that "[w]e have serious doubts [] whether that assertion can stand the test of time," noting that RICO "seem[s] to require of a predicate act based on state law that the act include the essential elements of the state crime. It is difficult to square the assertion in Diaz with the RICO and VICAR statutes." Id. at 185-

86.⁵ The Carrillo court observed that in some cases, "confusion and unfairness can arise from failure to charge the elements of the state law crimes constituting racketeering acts," id. at 184, and, after discussing a number of hypothetical cases in which the failure to instruct the jury as to the elements of the state criminal offense could create such unfairness for a RICO defendant, observed that "[n]o doubt for these reasons, in spite of Bagaric, district judges conventionally instruct juries on the elements of the state law offenses charged as predicate acts. We think in most circumstances that is the best practice." Id. at 184-85 (footnote omitted). The court further noted that, while district courts are permitted under Bagaric to provide only a generic description of the state crime underlying the purported racketeering act, that practice "can prejudice the defendant. Notwithstanding Bagaric's theoretical approval, the practice risks reversal on appeal." Id. at 185. However, Carrillo ultimately concluded that it did not need to directly address the question of Bagaric and Diaz's continued vitality, or to recommend a reconsideration of the issue en banc, because the district court's failure to instruct the jury as to the substantive elements of conspiracy had no "practical effect," because

> for each conspiracy-to-murder racketeering or VICAR act found by the jury, the jury also found that [the appellant] committed the murder or attempted murder that was the objective of the particular conspiracy. Thus, the jury necessarily found that [the appellant] himself had committed an 'overt act'

---

⁵ The Diaz opinion is regrettably silent as to the basis of its conclusion that the government need not prove the commission of an overt act in order to obtain a RICO conviction on the basis of a racketeering act involving state-law conspiracy. If, as Carrillo assumes, Diaz meant that the government need not prove every element of the state crime, Carrillo seems to be correct in its suggestion that Diaz is a poor interpretation of RICO. However, if the Diaz court had in mind the fact, discussed in Part II, infra, that the overt act requirement is not a substantive element of conspiracy, but rather an evidentiary requirement (assuming that to be true under the Connecticut law at issue in Diaz), then its application of the principle that the government need not comply with state procedural or evidentiary rules in order to establish the commission of racketeering acts based on violation of state criminal law is correct, and is not, as Carrillo asserts, an extension of or departure from previous Second Circuit precedent. In short, it seems that Diaz's holding is correct, but perhaps not for the right reasons.

of murder or attempted murder in furtherance of each conspiracy to murder. Id. at 186.[6]

Subsequent cases have adopted Carrillo's approach, holding that while district courts are technically permitted to provide only a generic definition of the underlying state crime to the jury, the better practice is to instruct the jury as to all of the substantive elements of the crime, as the failure to do so creates a risk of reversible error should the court create a situation in which the defendant might be prejudiced by the court's insufficiently detailed instructions to the jury. For example, an analogous situation arose in United States v. Feliciano, 223 F.3d 102 (2d Cir. 2000). In that case, the appellant challenged his conviction for violent crime in aid of racketeering in violation of 18 U.S.C. § 1959, which rested in part on alleged racketeering acts involving narcotics trafficking and narcotics trafficking conspiracy in violation of 21 U.S.C. 841(a)(1) and 846, arguing that the district court's failure to instruct the jury as to the elements of those underlying federal offenses constituted reversible error. Because the appellant had not objected to the district court's instruction at the time, the Second Circuit applied a plain error analysis, but conceded that the appellant's argument "may have some force," even under that deferential approach. Id. at 115. However, the court ultimately found the appellant's argument unavailing because "there was abundant evidence at trial that [the appellant's gang] engaged in racketeering activities by trafficking in controlled substances." Id. Likewise, in United States v. Pimentel, 346

---

[6] The Carrillo panel noted that, prior to publication, its opinion was circulated to all active judges of the Second Circuit, all of whom agreed with the panel's opinion. See id. at 186 n. 6. Thus, while Bagaric and Diaz technically remain good law in the Second Circuit, their holdings have been quite narrowly circumscribed by Carrillo and the subsequent cases discussed below.

F.3d 285 (2d Cir. 2003), the Second Circuit rejected the appellants' argument that the district court's failure to instruct the jury as to the substantive elements of trafficking in controlled substances in violation of 21 U.S.C. 846, and murder or attempted murder in violation of New York or Pennsylvania law, constituted reversible error. The Pimentel panel noted that "[s]ince Bagaric was decided, we have on more than one occasion cautioned the Government and district judges within this Circuit against adhering to the bare bones generic instructions concerning the racketeering act elements that were found to be sufficient there." 346 F.3d at 302. As in Carrillo and Feliciano, however, the Pimentel panel concluded that the failure to instruct the jury more fully was harmless error because "there was legally sufficient evidence that the [appellants' gang] engaged in the racketeering acts alleged in the indictment." Id. at 304. However, Pimentel noted that

> [i]n affirming these convictions, we do not condone the District Court's decision not to include in its jury charge the definition of the racketeering acts charged in the indictment. Indeed, as in Carrillo and Feliciano, we again caution the Government and the district courts in this Circuit that the preferred practice in VCAR and RICO cases is to include those definitions when charging the jury, and not doing so risks vacatur of the convictions on appeal.

Id. at 305.

Thus, the current state of the law in the Second Circuit holds that, while an instruction as to the substantive elements of the state or federal offenses identified as racketeering acts in a RICO indictment is not strictly necessary in all cases, the practice is strongly encouraged by the Court of Appeals, and the failure to instruct the jury in such a manner can create reversible error in situations where confusion or prejudice arises as a result. If the overt act requirement is a substantive element of New York's

8

criminal conspiracy law, the district court should strongly consider including an instruction regarding that requirement in its jury charge. However, as this Court has noted when discussing this issue with counsel, Carrillo's logic– that the substantive elements of the underlying state offense should be explained to the jury when the district court's failure to do so might result in "confusion and unfairness"– can likewise counsel a refusal to instruct the jury as to those elements when doing so is likely to create more confusion that in resolves. Carrillo, 229 F.3d at 184. The Court believes that this may be such a case. If the Court were to instruct the jury that it must find that some overt act was committed in order to determine that the defendants are responsible for the alleged racketeering acts involving state-law conspiracy, it would be at a loss to explain to the jury what those overt acts might be. In a prosecution under the analogous federal statute, 18 U.S.C. § 371, the government would be required to identify in the indictment the specific overt acts that the defendants were alleged to have performed in furtherance of the conspiracy. In this case, however, it is undisputed that the government is not required to identify any specific overt acts in furtherance of the alleged conspiracies, nor has it done so in the indictment. While it is true that Carrillo held that the commission of a murder can itself be an overt act in furtherance of a conspiracy to murder, it is the view of this Court that instructing the jury as to the overt act requirement of New York state law would serve only to exacerbate the jury's confusion regarding what will inevitably be a lengthy and complicated charge. However, as discussed in Part I(b) and II, infra, the Court need not rely solely on this basis for denying the government's request to issue an instruction regarding the overt act requirement, because that requirement, as an evidentiary provision rather than a

9

substantive element of criminal conspiracy under New York law, is not incorporated by RICO and need not be established by the government in order to hold the defendants culpable for the alleged state-law conspiracies.

### b. RICO Does Not Incorporate Evidentiary or Procedural Provisions of State Criminal Law

While <u>Carrillo</u> and other cases suggest that the government must prove every element of a state offense introduced as a racketeering act in a RICO trial in order to establish the defendant's culpability for the purported racketeering act, the Second Circuit has long recognized that RICO does not incorporate procedural or evidentiary aspects of state criminal law when violations of that law are alleged as racketeering acts. For example, in <u>United States v. Coonan</u>, 938 F.2d 1553, 1564 (2d Cir. 1991), the court rejected the defendant's argument that he could not be found culpable in a RICO prosecution of an alleged racketeering act for which he had been acquitted in state court. The Court of Appeals held that "Congress did not intend to incorporate the various states' procedural and evidentiary rules into the RICO statute." (quoting <u>United States v. Paone</u>, 782 F.2d 386, 393 (2d Cir. 1986)). Likewise, in <u>United States v. Friedman</u>, 854 F.2d 535, 566 (2d Cir. 1988), the court held that the New York's double jeopardy rules might have barred prosecuting the defendant separately for two alleged bribes, the government could nevertheless charge them as two separate racketeering acts in a RICO prosecution because the double jeopardy rules "are essentially procedural rules governing prosecutions for all crimes in New York," rather than substantive elements of the crime of bribery. <u>See also</u> <u>United States v. Dellacroce</u>, 625 F. Supp. 1387, 1391 (E.D.N.Y. 1986) (Nickerson, J.) ("Even if proof of an overt act is required, the RICO

statute does not incorporate state rules of pleading."); United States v. Galasso, 118 F. Supp. 2d 322, 331 (E.D.N.Y. 2000) (Spatt, J.) (RICO indictment need not allege overt act because "the federal RICO statute was not intended to require the Government to plead state law crimes under 18 U.S.C. § 1961(1)(A) in accordance with the specific pleading requirements of state law.").

## II. The Overt Act Requirement is Not a Substantive Element of Criminal Conspiracy Under New York Law

The government in this case, like the Second Circuit panels in Bagaric, Carrillo, and perhaps Diaz, and the district courts in Dellacroce and Galasso, assumes that the overt act requirement imposed by Section 105.20 is a substantive element of the crime of conspiracy under New York law. However, this Court's review of New York law makes clear that the overt act requirement is an evidentiary provision and not a substantive element of criminal conspiracy. For example, in People v. Miller, 284 A.D.2d 724, 725 (3d Dep't 2001), decided after Carrillo, the Appellate Division rejected the appellant's challenge to the enhanced sentence imposed on him as a second felony offender, which was premised on his argument "that a discrepancy between State and Federal law regarding the need for an overt act to support a conviction of conspiracy precludes the use of defendant's Federal conspiracy conviction as a predicate felony in New York." The court concluded that the appellant's prior federal conviction for conspiracy was sufficiently analogous to constitute a prior felony conviction for purposes of the sentencing enhancement under New York state law, noting that "[i]nasmuch as the Penal Law § 105.20 requirement of an overt act in furtherance of the conspiracy 'is an evidentiary requirement unrelated to the elements of the substantive crime,' the alleged

11

discrepancy upon which defendant relies is irrelevant to the predicate felony issue." (quoting People v. Rossney, 178 A.D.2d 765, 767 (3d Dep't 1991)). In Rossney, the Appellate Division answered the question presented, "whether the proof of an overt act is necessary to make out a prima facie case of conspiracy," in the negative. The court determined that "[t]he elements of the substantive crime [of conspiracy] are the requisite mental state for the commission of the underlying crime and an agreement to commit that crime. . . . The legislative mandate that there must be proof of an overt act before a conviction may be had is an evidentiary requirement unrelated to the elements of the substantive crime." (citing People v. Hudy, 73 N.Y.2d 40 (1988) (abrogated in part by Carmell v. Texas, 529 U.S. 513 (2000); other citation omitted).

Because the overt act requirement is an evidentiary provision rather than a substantive element of criminal conspiracy under New York law, the government is not required to plead or prove that any overt act was undertaken during the course of the alleged conspiracies, and this Court will not instruct the jury as to the overt act requirement in its discussion of the alleged racketeering acts based on purported violations of the New York criminal conspiracy statute.

## **CONCLUSION**

For the reasons stated above, the government's request that the court instruct the jury as to the overt act requirement imposed on conspiracy prosecutions in state court by New York Penal Law § 105.20 is hereby DENIED.

SO ORDERED.

Dated: Brooklyn, New York
January 29, 2008

_____/s/_____

I. Leo Glasser
United States Senior District Judge

Copies of the foregoing order were electronically sent to:

Counsel for the Government

Morris J. Fodeman
Jeffrey H. Knox
Jason A. Jones

Assistant United States Attorneys for the Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820

Counsel for the Defendants

Counsel for Dwayne Stone:

Allen Lashley
16 Court Street
Room 1210
Brooklyn, NY 11241

Avraham C. Moskowitz
Moskowitz & Book, LLP
1372 Broadway, 14th Floor
New York, NY 10018

Counsel for James McTier:

Adam D. Perlmutter
Law Offices of Adam D. Perlmutter, P.C.
260 Madison Avenue
Suite 1800
New York, NY 10016

Carl Jordan Herman
443 Northfield Avenue
West Orange, NJ 07052

Counsel for Sharief Russel:

Sanford Talkin
Talkin, Muccigrosso & Roberts LLP
40 Exchange Place
18th Floor
New York, NY 10005