UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DWAYNE STONE,

                Petitioner

   - against -                      Docket. No.  *11-CV-2763 (ILG)*
                                              Docket. No. 05 Cr. 401 (ILG)

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


# SUPPLEMENTAL SENTENCING MEMORANDUM
# ON BEHALF OF DWAYNE STONE  (LETTER)


                                           Anthony L. Ricco, Esq.
                                           Attorney For Dwayne Stone
                                           20 Vesey Street, Suite 400
                                           New York, New York 10007
                                           (212) 791-3919


Steven Z. Legon, Esq.
Of Counsel

# ANTHONY L. RICCO

*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 791-3919  FAX. (212) 791-3940

Steven Z. Legon
Of Counsel

August 4, 2014

**FILED BY E.C.F.**

Hon. I. Leo Glasser
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:  ***Dwayne Stone v.  United States of America***,
             Docket. No. *11-CV-2763 (ILG)* and  05 Cr. 401 (ILG)

Dear Judge Glasser:

      This letter is submitted as Dwayne Stone's final supplement sentencing memorandum  in connection with the re-sentencing which is presently scheduled for August 11, 2014.  This supplemental sentencing memorandum has been provided to ensure, that in the event that the court imposes a sentence of less than life, that it is imposed in conformity with the statutory authorities that are presently applicable to Dwayne Stone's conviction.  In addition, attached herewith is letter from Dwayne Stone to the court for consideration on the issue of resentencing.

      In his prior sentencing submission, Dwayne Stone requested that the court impose a sentence less than life based upon the interpretation of the statutory authorities applicable at the time of his initial sentencing in 2006.  Dwayne Stone requested that the court impose a sentence of 120 months (10 years) incarceration at variance with the sentencing guidelines, pursuant to 18 U.S.C. § 3553(a) on counts 1, 2, 3, 11, 12 and 22 to run concurrent with each other, to be followed by a combined total of 30 years consecutive; 5 years consecutive on count 4 and 25 years on count 13.

      However, there have been two important changes in the sentencing laws  since the 2006 sentencing which impacts the previously proposed sentence and  necessitate a slight modification in the recommendation.  Therefore, in order to ensure clarity, accuracy and finality in this important re-sentencing, Dwayne Stone requests that should the court impose a sentence of less than life, that this court do so in compliance with the Fair

Sentencing Act of 2010 and the United States Supreme Court's decision in *Abbott v. United States*, 131 S.Ct. 18 (2010) and *United States v. Robles,* 709 F.3d 98 (2013).[1]

## I. The Fair Sentencing Act of 2010

In his sentencing submission, Dwayne Stone requested that the court impose a sentence of 120 months (10 years) incarceration at variance with the sentencing guidelines, pursuant to 18 U.S.C. § 3553(a) on counts 1, 2, 3, 11, 12 and 22.  This request is based, in part, upon the Dwayne Stone's conviction under count 3 of the indictment, conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846 & 841(b)(1)(A)(iii).  At the time of the initial sentencing the mandatory minimum sentence was at least 10 years and the maximum sentence life for a violation of 21 U.S.C. § 846 & 841(b)(1)(A)(iii) based upon 50 grams or more of crack cocaine.   See, Original P.S.R., ¶ 229, page 62.

The Fair Sentencing Act of 2010 increased the threshold quantities necessary to trigger the 10 year mandatory minimum to 280 grams.  Although there is sufficient evidence to support a 120 month sentence at variance of the guidelines based upon the high level of crack distribution (4.5 kilograms) apparently proven at trial, the statutory period of incarceration based upon the superseding indictment and charge of conviction of 50 grams of crack, the sentence should be based upon a minimum of 5 years and a maximum of 40 years incarceration. Should the district court impose a sentence as suggested by the defense, it is further requested that the court impose the 120 months in compliance with the Fair Sentencing Act of 2010.

## II. Letter From Dwayne Stone To The Court

Finally, attached  herewith is a letter from Dwayne Stone to the Court for consideration on the issue of re-sentencing.  Again, Dwayne Stone is grateful for an opportunity and prays that this court sentence him to less than life.   Dwayne Stone is aware that a substantial sentence is warranted in this case and hopes to return to society again many decades from today and contribute to society.

Respectfully,

*Anthony L. Ricco*
Anthony L. Ricco

ALR/jh
cc:  A.U.S.A.  Jason Jones (By ECF and email)

---

[1] In *United States v. Robles*, 709 F.3d 98 (2d Cr. 2013) the Second Circuit held that the "exception" clause in 18 U.S.C. § 924 did not apply to consecutive mandatory minimum terms for multiple 18 U..S.C. 924(c) convictions in the same proceeding.

2

August 4, 2014

Dear Hon. Judge Glasser,

I'm writing this letter to give you're Honor some insight into who I am as a person at this point in my life.   Your Honor is fully aware of my bad decision I've made before, and after my incarceration, but i just  want to touch on some of my past actions for a second.

First I would like to let you're Honor know that there isn't a day that go's by that I don't regret the event's that took place on the night of October 6, 2000.   What i know now that i didn't understand back then was by taking Jamel Washington's life, his life wouldn't be the only one lost that night.

My action's that night  took my life from me, and there' s no telling as of right now what effect that night will have on my son that was born some 3 year's later, but as of this writing those action's are already effecting his life because I'm not there with him to be apart of his life, and i know better then anyone how life is when u don't have you're father in your life while you're growing up.

So i want the Court, the Washington family, and my family to know that if I could take back my action's from that night I would, but i know that I can't make what happen unhappen.   All i can do at this point is hope and prey for forgiveness, and make sure to be a better person everyday I get out of the bed, every morning.

I owe so much to the Washington family, and my family as well, but just doing better as a person, in my family life, and in the community that I assisted in breaking down with my drug dealing, and gang banging way's is the only way i know how to repay the debt that I owed to so many.

I would also like to bring to the court's attention that after my conviction and initial sentencing.   I became a very bitter person, and in this bitterness I filed some motion's that made a mockery of the judicial system, I not only made a mockery of the court , I also made i mockery of myself, and I know that i am a better person then that. and i don't want that bitter person to be the person you're Honor think's about when dealing with me.

There came a point in my life when i said that it was a time for a full life style change , and one of the first things i did was write to you're Honor to admit my fault's and to apologize to you're Honor for my pass action's.   My letter was never meant for a response from you're Honor, it was really only to let you're Honor know that i understood that I made a fool of myself & to apologize, but you're Honor in fact did respond, and showed compassion to me where up until that point in my life I never felt compassion from a person that i felt really didn't understand me or the people from where I come from. That was big for me in my path for redemption and change, it let me know that I was heading in the right path and doing the right thing.

So I'm asking you're Honor to once more show me some compassion, and take a chance on me.   At  this point in my life the only thing i have is my word.   And i give you

my word, as a man, that if you're Honor can find it in his heart to give me another chance at my freedom I wont let you down.   I'll be the best father, the best family man that I can be, I will be a productive member of society.

    If you take this chance on me I promise I wont let you down or make a fool out of you for giving me this chance.   I'm sure that after all you're year's as a Judge many people have asked this same request of you and may have spoke the same word's.   I'm speaking right now, An in a year they're right back asking for another chance, but I assure you this will not be me.   Because coming from having no hope to having hope, I know my blessing when I see them, and I won't blow this blessing for the world if you choose to give it to me.

    Thank you for you're time and patience with me.

RESPECTFULLY

Dwayne A. Stone JR.