(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

EASTERN ~~District of~~ NEW YORK

UNITED STATES OF AMERICA

v.

DWAYNE STONE

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: CR-05-401(S-7) -01 (ILG)

USM Number: 73058-053

**Date of Original Judgment:** 7/30/2008

(Or Date of Last Amended Judgment)

Anthony L. Ricco, Esq.

Defendant's Attorney

*FILED IN CLERK'S OFFICE U.S DISTRICT COURT E D N Y ★ AUG 13 2014 ★ BROOKLYN OFFICE*

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☑ Direct Motion to District Court Pursuant ☑ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   1,2,3,4,11,12,13 and 22
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1962(c) and §1963 | Racketeering activity | | 1 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/11/2014

Date of Imposition of Judgment

s/ILG

Signature of Judge

I. Leo Glasser

Name of Judge

U.S. District Judge

Title of Judge

8/11/2014

Date

DEFENDANT: DWAYNE STONE
CASE NUMBER:  CR-05-401(S-7) -01 (ILG)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §1962(d) and §1963 | Racketeering conspiracy | | 2 |
| 21 USC §846 and §841(b)(1)(A)(iii) | Conspiracy to distribute  and possess with intent to distribute cocaine base | | 3 |
| 18 USC 924(c)(1)(A)(i) | Possession of a firearm in connection with a drug trafficking crime | | 4 |
| 18 USC §1959(a)(5) | Conspiracy to murder in aid of racketeering | | 11 |
| 18 USC §1959(a)(1) | Murder in aid of racketeering | | 12 |
| 18 USC §924(c)(1)(A)(i), §924(c)(1)(A)(ii) and §924(c)(1)(A)(iii) | Possession and use of a firearm during crimes of violence | | 13 |
| 18 USC §922(j) and §924(a)(2) | Possession of a stolen firearm | | 22 |

DEFENDANT: DWAYNE STONE
CASE NUMBER: CR-05-401(S-7) -01 (ILG)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

On each of counts (1), (2), (3), (11) and (12), the defendant is sentenced to a one hundred and twenty (120) month term of imprisonment.  On count (22) the defendant is sentenced to a forty-one (41) month term of imprisonment.  The sentences on counts (1), (2), (3), (11), (12) and (22) are to run concurrently.   [Sentence is continued on sheet 2A of the judgment.]

☐   The court makes the following recommendations to the Bureau of Prisons:

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐  a.m  ☐  p.m.     on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____ .

at _____ with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By_____ .

DEPUTY UNITED STATES MARSHAL

DEFENDANT: DWAYNE STONE
CASE NUMBER: CR-05-401(S-7) -01 (ILG)

## ADDITIONAL IMPRISONMENT TERMS

[Continued from sheet 2 of the judgment] -

On count (4), the defendant is sentenced to a sixty (60) month term of imprisonment, which is to run consecutively to counts (1), (2), (3), (11), (12) and (22).

On count (13), the defendant is sentenced to a three hundred (300) month term of imprisonment, which is to run consecutively to counts (1), (2), (3), (11), (12), (22) and (4).

The total term of imprisonment is four hundred and eighty (480) months.

DEFENDANT: DWAYNE STONE
CASE NUMBER: CR-05-401(S-7) -01 (ILG)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

five (5) years on counts (1), (2), (3), (4),(12) and (13); and three (3) years on counts (11) and (22). The terms on all counts are to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment

or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT:  DWAYNE STONE
CASE NUMBER:  CR-05-401(S-7)-01 (ILG)

Judgment — Page ___6___ of ___10___

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 800.00 | $ | $ |

☐☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐  the interest requirement is waived for   ☐ fine   ☐ restitution.

☐  the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.